IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | EP-08-CR-059-DB(7) |
| | § | |
| EUGENE MONA | § | |

## MEMORANDUM OPINION AND ORDER

On January 23, 3008, the Court held a De Novo Detention Hearing in the above-captioned cause, at which Defendant Eugene Mona was present and represented by counsel. On January 11, 2008, the Government filed a "Motion To Detain Defendant Without Bond," which was denied by U.S. Magistrate Judge Norbert J. Garney ("Judge Garney") on January 17, 2008. On January 17, 2008, the Government appealed to the Court. After due consideration, the Court is of the opinion that the Government's Motion should be granted, and that the Defendant should be detained without bond for the reasons stated below.

### FACTS

On January 9, 2008, Defendant was charged in count two of an eleven-count indictment with a violation of 18 U.S.C. § 1962(d), which offense involved a pattern of racketeering activity, which activity consisted of extortion and conspiracy to commit extortion, laundering and conspiracy to launder monetary instruments, and multiple acts involving narcotics trafficking and conspiracy to commit narcotics trafficking, and acts chargeable under the Texas Penal Code for murder, in violation of 18 U.S.C. §§ 1951 & 1956, 21 U.S.C. §§ 846 & 841(a)(I), and Texas Penal Code, Section 19.02(b). These offenses involved one kilogram or more of a mixture or substance containing a detectable amount of heroin, and five kilograms or more of a

mixture or substance containing a detectable amount of cocaine. If convicted of these charges, Defendant faces a maximum sentence of life imprisonment.

On January 11, 2008, Defendant was arrested and taken into federal custody. On January 16, 2008, Judge Garney held a detention hearing pursuant to 18 U.S.C. § 3142(f). On January 17, 2008, Judge Garney issued an order, setting Defendant's bond at $50,000 cash or surety. Judge Garney found that the Government failed to satisfy its burden of proving that no condition or combination of conditions would reasonably assure Defendant's appearance and the safety of the community. The instant Motion followed.

### STANDARD

Under the Bail Reform Act, persons accused of a crime shall be released pending trial unless release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C.A. § 3142(b)-(c) (West 2000 & Supp. 2007). When the release of the accused will not assure that person's appearance or the safety of the community or another, the judicial officer overseeing the accused's release will order a condition or set of conditions which must be met by the accused. 18 U.S.C.A. § 3142(c). Section 3142(g) provides several factors a court must consider in determining whether conditions of release exist that will reasonably assure a person's appearance and the safety of the community. *See* 18 U.S.C.A. § 3142(g). Those factors are: (1) the nature and circumstance of the offense charged; (2) the weight of the evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C.A. § 3142(g).

However, in cases involving alleged violations of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which a defendant faces a sentence of ten (10) or more years, a

detention hearing must be held pursuant to 18 U.S.C. § 3142(f)(1)(C).  In such cases, a rebuttable

presumption exists that "no condition or set of conditions will reasonably assure the appearance

of the person and the safety of any other person and the community."  18 U.S.C.A. § 3142(e); *see*

*also United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987).  This rebuttable presumption

operates to shift the burden of production, but not the burden of persuasion, to the defendant.

*United States v. Reuben*, 974 F.2d 580, 586 (5th Cir. 1992).

When an accused is ordered released by a United States magistrate judge pursuant

to a § 3142(f) hearing, the Government may file a motion for revocation or amendment of the

order with the court having original jurisdiction.  18 U.S.C.A. § 3145(a)(1) (West Supp. 2007).

The United States district court sitting in the prosecuting district has original jurisdiction.  *See* 18

U.S.C.A. § 3231 (West 2000); *see also United States v. Torres*, 86 F.3d 1029, 1031 (11th Cir.

1996).  The district court conducts a de novo review of the detention order.  *United States v.*

*Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981).

### DISCUSSION

Applying the § 3142(g) factors, Defendant's appearance at trial cannot be

reasonably assured in this case.  Here, Defendant is accused of alleged racketeering offenses

involving more than one kilogram of heroin, five kilograms of cocaine, extortion, money

laundering, and murder.  Further, Defendant was previously convicted of an offense involving

theft of an amount greater than $750 but less than $20,000, for which he served three years

imprisonment.  Thus, Defendant faces a maximum sentence of life imprisonment.

Additionally, Defendant has been identified as an associate to the prison gang

Barrio Aztecas.  Said gang operates its illicit activities in facilities within the Texas Department

of Correction and federal corrections facilities, the streets of El Paso, Texas, and Ciudad Juarez,

3

Mexico.  Barrio Azteca gang cohorts located in Mexico provide protection to El Paso members who are fleeing from law enforcement.  Further, Defendant openly admits traveling into Mexico for work.  In light of Defendant's criminal history, the current sentence he faces, and the protection afforded Barrio Azteca associates in Mexico, the Court concludes that Defendant has failed to rebut the presumption established by 18 U.S.C. § 3142(e), that he is a flight risk and a danger to the community.  Thus, the Court determines that Defendant's later appearance for trial cannot be guaranteed.  Therefore, the Court is of the opinion that the Government's Motion should be granted, and that Defendant should be detained without bond.

Accordingly, **IT IS HEREBY ORDERED** that the United States of America's "Motion To Detain Defendant Without Bond" is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Eugene Mona be **DETAINED WITHOUT BOND PENDING TRIAL**.

SIGNED this **30th** day of **January, 2008**.

**THE HONORABLE DAVID BRIONES**
**UNITED STATES DISTRICT JUDGE**