UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

DANNY TARIN,
Fed. Reg. No. 10160-280,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

EP-11-CV-474-DB
EP-08-CR-59-DB-10

## MEMORANDUM OPINION AND ORDER

In a *pro se* motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 [ECF No. 901],[1] Movant Danny Tarin ("Tarin") challenges his convictions and sentences for conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity, and conspiring to possess with the intent to distribute more than one kilogram of heroin, more than five kilograms of cocaine, and more than one hundred kilograms of marijuana. Adhering to the principle that *pro se* pleadings are construed liberally,[2] Court understands Tarin to argue that his counsel provided constitutionally ineffective assistance when he (1) misrepresented the terms of a plea agreement and coerced Tarin into pleading guilty, (2) did not file a motion for a downward departure from the United States Sentencing Guidelines before Tarin's sentencing, and (3) failed to file a requested notice of appeal. Upon reviewing the record and for the reasons discussed below, the Court finds that Tarin's motion is untimely, and that he is not entitled to equitable

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-08-CR-59-DB-10.

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

tolling.³ Accordingly, the Court will dismiss his motion.⁴ The Court will additionally decline to certify his issues for appeal.

A § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.⁵ A federal prisoner must file his motion within one year from the date on which (1) the judgment became final, (2) the government-created impediment to filing the motion was removed, (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion, or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.⁶

The one-year limitations period is not jurisdictional and is subject to equitable tolling.⁷ Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"⁸ It "is permitted only 'in rare and exceptional circumstances.'"⁹ Such circumstances include

---

³ *Cf. Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) ("[W]e hold that the district court was within its authority under Rule 4 and Rule 11 of the Rules Governing [28 U.S.C.] Section 2254 Cases when it raised the . . . statute of limitations defense *sua sponte*."); *see also United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998) ("Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper.").

⁴ *See* 28 U.S.C.A. § 2255 Proc. R. 4(b) (West 2011) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

⁵ 28 U.S.C.A. § 2255(f) (West 2011).

⁶ *Id.*; *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

⁷ *Cf. Holland v. Florida*, -- U.S. --, --,130 S.Ct. 2549, 2560 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

⁸ *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

⁹ *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[10] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[11] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[12] Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[13] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[14] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[15]

In his motion, Tarin does not claim that the Government created an impediment to filing his motion or that the Supreme Court recognized a new right made retroactively applicable to cases on collateral review.[16] Tarin objectively knew or should have known the factual predicates for his claims well within the limitations period.[17] Thus, Tarin's limitations period began to run

---

[10] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[11] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[12] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[13] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[14] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[15] *Cousin*, 310 F.3d at 848.

[16] 28 U.S.C.A. §§ 2255(f)(2)–(3).

[17] *Id.* § 2255(f)(4); *cf. Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("First, the time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner. Second, the trigger in [28 U.S.C.]

when his judgment of conviction became final.[18]

A judgment becomes final when the applicable period for seeking direct review expires.[19] In this case, the Court entered its judgment on March 31, 2009, and Tarin's conviction became final on April 14, 2009, the last day on which he could have appealed to the Fifth Circuit Court of Appeals.[20] Accordingly, Tarin's time period for filing a § 2255 motion within one year after his conviction became final expired on April 14, 2010. Tarin constructively filed his instant motion on November 9, 2011, the day on which he signed it and, presumably, placed it in the prison mail system.[21] Thus, Tarin filed his motion one year, six months, and twenty-seven days beyond the deadline. It is therefore untimely, and must be denied, unless equitable tolling applies.

Tarin argues that the Court should equitably toll the limitations period in his case. He

---

§ 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance. . . . [F]ederal statutes use objective indicators as triggers. . . . Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit.").

[18] *Id.* § 2255(f)(1); *Dodd v. United States*, 545 U.S. 353, 357 (2005).

[19] *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

[20] *See* FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted).

[21] A *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

maintains that he asked his counsel to file a notice of appeal at his sentencing hearing on March 31, 2009. He claims his counsel stated that he would file the notice electronically that same day. Moreover, he asserts that his "family contacted Defense Counsel the next day and instructed him to file the required notice of appeal. It was discovered in October of 2011 that this was not done by defense counsel."[22] Tarin argues, based on his family's repeated attempts to contact his attorney, that he exercised due diligence:

> Movant's family continued in this request. Due diligence was conducted in continued and repeated attempted contacts with Defense Counsel. At one point Movant's family was notified by the secretary answering the phone at Mr. Abrahams's office that the appeal was "in process." Movant had every right to assume that an appeal was pending in this matter. When it was discovered that Defense Counsel did absolutely nothing to proceed in this appeal it came as a total surprise to Movant and his family.
> . . . .
> Finally movant's family did a [Public Access to Court Electronic Records ("PACER")] check which revealed that nothing was filed or pending. It was immediately after this that the instant motion was filed. It was not until the Pacer check was done that Movant discovered Defense Counsel's errors. This was discovered in October 2011.[23]

In rare circumstances, an attorney's intentional deception may present a "rare and extraordinary circumstance" that could warrant equitable tolling of the statute of limitations.[24] In *United States v. Wynn*, for example, the attorney misled the defendant by informing his father that a post-conviction motion had been filed, when, in fact, no post-conviction motion had been filed.[25] The Fifth Circuit explained "[o]ur conclusion that equitable tolling may apply in this case

---

[22] Mot. to Vacate 16.

[23] *Id.* at 17.

[24] *United States v. Wynn*, 292 F.3d 226, 230–231 (5th Cir. 2002).

[25] *Id.* at 228–29.

assumes that Wynn can establish that his attorney misled his father by telling him that a habeas petition had been filed on his behalf and that Wynn reasonably relied on his attorney's misrepresentations as to the status of his case."[26] Thus, pursuant to *Wynn*, equitable tolling may apply if a petitioner is deceived by his attorney to believe that the attorney has filed a § 2255 motion on his behalf.

Unlike *Wynn*, the alleged representation by Tarin's counsel was that he would file an appeal, not a habeas petition. Tarin and his family were certainly capable of checking with the Fifth Circuit Court of Appeals, through PACER or the clerk's office, and determining whether his counsel had, in fact, filed a notice of appeal well before the time period for filing a § 2255 motion had expired. At some point within the habeas limitations period, Tarin's repeated inability to contact his lawyer should have compelled him to check directly with the Court of Appeals. Tarin's family did not contact the Fifth Circuit, through PACER, until more two and one-half years had passed since his sentencing. As the Court explained above, "equity is not intended for those who sleep on their rights."[27] Tarin's delay in contacting the Fifth Circuit defeats any suggestion that he diligently pursued his habeas remedy.

Moreover, even if Tarin had been more diligent, his attorney's omission cannot toll the running of the statute of limitations for the filing of a § 2255 motion. It is well established in the Fifth Circuit that ineffective assistance of counsel is generally "irrelevant to the tolling decision."[28] "Mere attorney error or neglect is not an extraordinary circumstance such that

---

[26] *Id.* at 230–31.

[27] *Covey*, 865 F.2d at 662.

[28] *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

equitable tolling is justified."[29]

In the instant case, the Court finds that Tarin has not satisfied his burden of showing that he pursued his rights diligently, and that some extraordinary circumstance stood in his way of timely filing his § 2255 motion. Accordingly, the Court concludes that Tarin's motion is time-barred, that he is not entitled to equitable tolling, and that the Court need not address the merits of his claims.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[30] The record in this case is adequate to dispose fully and fairly of Tarin's motion. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[31] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[32] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby

---

[29] *Cousin*, 310 F.3d at 849.

[30] *Cf. United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[31] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[32] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

limiting appellate review solely to those issues on which certificate of appealability is granted.[33] Although Tarin has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[34]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[35] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[36] Here, Tarin's motion to vacate fails because he cannot establish that reasonable jurists could conclude that his motion is not time-barred. Accordingly, Tarin is not entitled to a certificate of appealability.

## CONCLUSION AND ORDERS

For the reasons stated, the Court concludes Tarin is not entitled to § 2255 relief or a certificate of appealability. Therefore, the Court enters the following orders:

1. Movant Danny Tarin's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside,

---

[33] 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues).

[34] *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[35] 28 U.S.C.A. § 2253(c)(2).

[36] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).

or correct a sentence [ECF No. 901] is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

2. Movant Danny Tarin is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

3. All pending motions in this cause, if any, are **DENIED AS MOOT.**

**SO ORDERED.**

**SIGNED** this 18th day of **November 2011.**

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE